STABLEY v SHELBY TOWNSHIP SUPERVISOR

Docket No. 78301. Submitted August 20, 1985, at Detroit.—Decided September 4, 1985.

Plaintiff, Donald Stabley, brought an action for superintending control against the Shelby Township Supervisor, Robert White, Shelby Township, the Shelby Township Civil Service Commission and three of the commissioners. Plaintiff alleged that a portion of the civil service examination administered to plaintiff for promotion from a police sergeant to lieutenant was not unbiased and nonpartisan. Plaintiff asserted that the commissioners were biased against him because plaintiff's brother was a political rival of one of the commissioners. The Macomb Circuit Court, John G. Roskopp, J., granted accelerated judgment in favor of defendants on the ground that plaintiff had not exhausted his administrative remedies before seeking judicial review. Plaintiff had attended, but refused to participate in, a hearing before the commissioners held at plaintiff's request to consider his allegation that the test was unfair. Plaintiff appealed. *Held:*

1. The trial court had the power to exercise superintending control over the civil service commission, which acted in a quasi-judicial capacity in rendering a decision on an employee's appeal.

2. Plaintiff's contention that there was no plain, speedy or alternative remedy available is without merit. Plaintiff was afforded a hearing, but refused to participate or to present evidence. Furthermore, his nonparticipation resulted in the lack of any record which would support his allegations. The lack of a record precluded the trial court from granting superintending control.

Affirmed.

1. SUPERINTENDING CONTROL — ADMINISTRATIVE LAW — CIVIL SERVICE COMMISSION.

   A circuit court has the power to issue an order of superintending

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Administrative Law § 21.
[3] Am Jur 2d, Administrative Law §§ 595 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under topic Exhaustion of Remedies.

control over administrative tribunals of a judicial or quasi-judicial nature, including a civil service commission which has rendered a decision on an employee's appeal (GCR 1963, 711.1, 711.4; MCR 3.302[A], 3.302[D]).

2. SUPERINTENDING CONTROL — EXTRAORDINARY REMEDIES.

Superintending control is an extraordinary remedy and is not available where there is a plain, speedy and alternative remedy (GCR 1963, 711.2; MCR 3.302[B]).

3. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES.

The doctrine of exhaustion of administrative remedies does not require resort to an administrative body where it is clear that an appeal to that body is an exercise in futility and nothing more than a formal step; however, there is a presumption that the administrative agency, if given a chance to pass upon the matter, will decide correctly.

*D'Agostini, McKinnon & Sable, P.C.* (by *David A. McKinnon*), for plaintiff.

*Richard C. Johnston & Associates* (by *Alan F. Polack*), for defendants.

Before: MacKENZIE, P.J., and CYNAR and H. E. DEMING,* JJ.

PER CURIAM. Plaintiff, Donald Stabley, appeals as of right from an order granting accelerated judgment to defendants pursuant to GCR 1963, 116.1(2) [now MCR 2.116(C)(4)], on the ground that the general rule that administrative remedies must be exhausted before judicial relief is sought is inapplicable in this case.

Plaintiff filed a complaint for superintending control in the Macomb County Circuit Court on July 18, 1983. Plaintiff alleged that the oral portion of the civil service examination administered to plaintiff on June 16, 1983, for promotion from police sergeant to lieutenant, was not "unbiased and non-partisan" as required by statute. MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

38.512; MSA 5.3362. The oral portion of the examination was designed by Shelby Township Civil Service Commissioners, defendants Byron Kuxhaus, Helen Popkey and Leland Schubring. Plaintiff asserted that the commissioners were biased against plaintiff for the reason that plaintiff's brother, Gerald Stabley, was a political rival of defendant Kuxhaus. It was also alleged that Kuxhaus had actively tried to influence the examiners by taking them to dinner. As a result of the allegedly arbitrary, capricious, and biased test administered to plaintiff, plaintiff claimed that he received a low test score which prevented him from being promoted to the position of lieutenant for the Shelby Township police force.

On the basis of the complaint, the circuit court entered a temporary restraining order on July 18, 1983, enjoining defendants from promoting to lieutenant any persons in the Shelby Township police department. A preliminary injunction was later entered restraining defendants from promoting any applicants to the position of lieutenant until further order of the court. Defendants' joint motion for accelerated judgment was subsequently granted on April 27, 1984.

The issue we address is whether the trial court erred in granting defendants' motion for accelerated judgment. Plaintiff argues that the trial court erred in granting defendants' accelerated judgment motion because an action for superintending control could properly be maintained on the basis that there was no other plain, speedy or alternative remedy.

GCR 1963, 711.4 [now MCR 3.302(D)] empowered the circuit court to issue an order of superintending control. Such an order "enforces the superintending control power of a court over lower courts or tribunals". GCR 1963, 711.1 [now MCR

3.302(A)]. The superintending control power of a circuit court extends to administrative tribunals of a judicial or quasi-judicial nature. *Beer v City of Fraser Civil Service Comm,* 127 Mich App 239, 243; 338 NW2d 197 (1983). A civil service commission acts in a quasi-judicial capacity when it renders a decision on an appeal by an employee. 127 Mich App 243; see also *In re Fredericks,* 285 Mich 262; 280 NW 464 (1938). Although the circuit court may exercise superintending control over an administrative agency acting in a quasi-judicial capacity, an order of superintending control is an extraordinary remedy and is not available where there is a plain, speedy and alternative remedy. *In re Bay County Prosecutor,* 102 Mich App 543, 547; 302 NW2d 225 (1980), *lv den* 411 Mich 1002 (1981); GCR 1963, 711.2 [now MCR 3.302(B)].

Here, plaintiff requested and was afforded a hearing before the Shelby Township Civil Service Commission (commission). He even appeared at the time and place of the hearing, but refused to participate or present evidence. Plaintiff's contention that there was no plain, speedy or alternative remedy available to him is therefore without merit.

Plaintiff cites and relies on *Turner v Lansing Twp,* 108 Mich App 103; 310 NW2d 287 (1981), *lv den* 413 Mich 871 (1982), and further contends, however, that he was not required to participate in a hearing before the commission because it would have been futile. In *Turner* this Court discussed the exceptions to the doctrine of exhaustion of administrative remedies and stated:

"Where it is clear that appeal to an administrative body is an exercise in futility and nothing more than a formal step on the way to the courthouse, resort to the administrative body is not required." 108 Mich App 108.

This Court also noted, however, that there is a presumption that the administrative agency, "if given a chance to pass upon the matter, will decide correctly and will not fail in the performance of its duty". 108 Mich App 110. In the instant case, the commission held a hearing to consider plaintiff's grievances. Plaintiff, as stated earlier, refused to participate in or present evidence at the hearing. Defendant Kuxhaus abstained from voting on plaintiff's charges and the other two commission members, defendants Popkey and Schubring, found that plaintiff's allegations were without foundation. Plaintiff has not made any claim that defendants Popkey and Schubring were biased against him for political or other reasons. We conclude that plaintiff has failed to establish that a hearing before the commission would be futile.

Plaintiff's nonparticipation in the commission's hearing resulted in no record being developed which supports plaintiff's contention that there was misconduct at the civil service examination. The absence of an administrative record in this case also procluded the circuit court from exercising superintending control over the commission. *Lepofsky v Lincoln Park,* 48 Mich App 347, 357; 210 NW2d 517 (1973).

The absence of a supporting administrative record also precludes the determination that plaintiff was denied any due process rights or that defendant Kuxhaus unlawfully engaged in campaign activities while serving on the commission. Thus, it is unnecessary for us to review plaintiff's claim that these allegations, if true, would exempt plaintiff from having to pursue his administrative remedies.

Affirmed.