726 P.2d 1381

**WYLIE CORPORATION and the Travelers Insurance Company, Petitioners,**

v.

**Hon. Frederick M. MOWRER, District Judge, Second Judicial District, Respondent.**

**No. 16560.**

Supreme Court of New Mexico.

Oct. 29, 1986.

Miller, Stratvert, Torgerson & Schlenker, Stephen M. Williams, Steven Vidmar, Albuquerque, for petitioners.

Frank P. Dickson, Jr., Albuquerque, for real party in interest.

Paul Bardacke, Atty. Gen., Paula G. Maynes, Asst. Atty. Gen., Andrea R. Buzzard, Asst. Atty. Gen., Santa Fe, for amicus curiae Workmen's Compensation Admin.

William H. Carpenter, Albuquerque, amicus curiae N.M. Trial Lawyers Ass'n.

John A. Klecan, Carlos G. Martinez, Albuquerque, for amicus curiae N.M. Defense Lawyers Ass'n.

## OPINION

WALTERS, Justice.

Petitioners Wylie Corporation and Travelers Insurance Company brought this request for an extraordinary writ of superintending control to require Respondent to dismiss the case of *Hall v. Wylie Corporation, et al.*, No. CV–86–05309 in the Bernalillo County Court. Petitioner's request is grounded on its contention that the new Workmen's Compensation Act passed by the legislature in 1986 (1986 N.M.Laws, ch. 22, §§ 1 through 106, now appearing as NMSA 1978, §§ 52-1-1 through 52-1-68

(Cum.Supp.1986)), divested the district court of jurisdiction, effective May 21, 1986, to hear and adjudicate any claims filed between May 21 and December 1, 1986. The new Act, Section 102, provides that the prior section granting district court jurisdiction is repealed. In the absence of an effective date provision, under N.M. Const. art. IV, Section 23, the repealer took effect on May 21, 1986, ninety days after the 1986 legislature recessed. Section 101 of 1986 Laws, ch. 22, provides that all claims filed after December 1, 1986, shall be heard and determined by a hearing officer appointed by the director of the newly created workmen's compensation administration. *See* NMSA 1978, §§ 52–5–1 through 52–5–18 (Cum.Supp.1986).

## I.

To state the posture in which the matter comes to us merely hints at the complexity of the issues raised. In historical context, this court rejected a legislative attempt to create a workmen's compensation commission thirty years ago when, in *State ex rel. Hovey Concrete Products Company v. Mechem*, 63 N.M. 250, 316 P.2d 1069 (1957), it struck down a similar act as an unconstitutional incursion into the exclusive decision-making powers of the judiciary. The first issue, therefore, squarely before us is whether the 1986 Act, in view of *Mechem*, is constitutional. That is a question that cannot be avoided, because before we can determine whether any provisions of this Act will bear further upon the rights or remedies of the workman in the suit underlying this immediate matter, we must recognize that the district judge refused to concede that he had no jurisdiction specifically upon the ground that, under the precedent of *Mechem*, "the new Workmen's Compensation Law would be unconstitutional." If *Mechem* remains the law in this jurisdiction, the inquiry inherent in this matter is similarly answered: The Act, being unconstitutional, cannot take jurisdiction from the district courts and place it in an administrative body.

We are persuaded, however, that compelling reasons exist to reassess the validity of the *Mechem* decision, not the least of which compulsion is the vigorous and forceful logic of Justice Sadler's dissent, in which Judge Armijo joined. We would adopt all that is said in that dissent as convincing reasons why *Mechem* should be overruled.

Additionally, we would take exception to the characterization in *Mechem's* majority opinion of the commission for hearing workmen's compensation claims as a "clearly ... judicial" rather that a "quasi-judicial" body. 63 N.M. at 252–53, 316 P.2d at 1071–72. The distinction attempted simply does not withstand examination of the two definitions. In the context of voluminous New Mexico case law, a workmen's compensation commission is no more "purely judicial"—as opposed to "quasi-judicial" —than is New Mexico's Public Service Commission, Environmental Improvement Board, Employment Security Department, Human Rights Commission, Alcoholic Beverage Control Commission, or many other administrative agencies. All of them operate unhindered under the same constitutional provision which the *Mechem* court found so constraining when applied to a worker's compensation board.

Secondly, the effort to classify "judicial" and "quasi-judicial" activities in *Mechem* by looking to the public or private rights sought to be adjudicated ignored the long-standing and oft-repeated recognition in New Mexico case law of the public's stake in the worker's remedies: Public policy demands minimum financial security for the injured worker and his family. *Aranda v. Mississippi Chemical Corp.*, 93 N.M. 412, 600 P.2d 1202 (Ct.App.1979). Workmen's compensation benefits were enacted to prevent the workman from becoming dependent upon the public welfare. *Casias v. Zia Co.*, 93 N.M. 78, 596 P.2d 521 (Ct.App. 1979); *Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App. 1976). Within the policy considerations of the Workmen's Compensation Act, the interests of the claimant and the public are paramount. *Codling*. The underlying pur-

pose of the Workmen's Compensation Act is to protect the workman from becoming a public charge upon the welfare rolls. *Spidle v. Kerr-McGee Nuclear Corp.*, 96 N.M. 290, 629 P.2d 1219 (1981); *Lane v. Levi Strauss & Co.*, 92 N.M. 504, 590 P.2d 652 (Ct.App.1979). The consuming public, in the final analysis, bears the expense of workmen's compensation, as a charge included in the sale price of the service or commodity offered by the industry. *Gonzales v. Chino Copper Co.*, 29 N.M. 228, 222 P. 903 (1924). Moreover, as the *Mechem* dissent observed again and again, administrative boards and agencies have been upheld as properly created by state and federal legislative bodies for nearly a hundred years. Justice Sadler felt the *Mechem* decision to be fifty years behind the times when it was decided, and an "anachronism" when written thirty years ago. It has not gained more favor nor become more palatable, legally or logically, in the intervening years. *See Larson's Workmen's Compensation Law*, § 80.10, n. 1 (1973).

■ We, therefore, expressly overrule *Mechem* and, in doing so, hold that creation of a workmen's compensation administration and vesting in it the determination of controversies thereunder, is a valid exercise of legislative power.

## II.

The next question, then, relates to the claim of Mr. Hall against his employer and its workmen's compensation insurer, filed in Respondent's court on June 23, 1986. Hall had been injured in October 1985, and had received benefits until payments were stopped in May 1986.

Section 102 of the 1986 Laws repealed NMSA 1978, Sections 52–1–32 through –35, of the then-existing workmen's compensation act. Those sections required filing of claims in the district court, court approval of pre-trial settlements, application of the rules of civil procedure in compensation proceedings, and trial of claims in the district court. By operation of law, as noted

above, the repealer became effective May 21, 1986.

However, Section 101 of the new Act also provided that those sections of the new Act other than the definitions and scheduled benefits sections, would apply to injuries and deaths occurring on or after December 1, 1986, and that such claims filed after that date were to be filed with the director of the workmen's compensation administration. Section 103 makes December 1, 1986, the effective date upon which operation of the new administrative agency will begin.

It is apparent that claimant, Mr. Hall, in the case triggering this petition, falls into the crevice between May 21st and December 1st when, if all of Sections 101, 102 and 103 are to be given effect, there exists no forum either for filing or hearing his claim until after December 1st. Even then it is questionable whether he would be able to prevail, since his accident did not occur after December 1st, and it is claims arising after that date over which the director of the workmen's compensation administration is given jurisdiction.

Such a hiatus, during which a workman might be without medical care or he and his family entirely without income, perverts the humanitarian and economic foundation of a workmen's compensation system, and its philosophy of expeditious resolution. We refer to the plethora of expressions to such effect in New Mexico case law, *see, e.g., Smith v. Dowell Corp.*, 102 N.M. 102, 692 P.2d 27 (1984), and *Sanchez v. M.M. Sundt Construction Co.*, 103 N.M. 294, 706 P.2d 158 (Ct.App.1985), and the numerous cases collected in both opinions.

We therefore resort to the severability provisions of Section 106 of the new Act wherein it is stipulated that "[i]f any part or application of this act is held invalid, the remainder of its application to other situations or persons shall not be affected."

■ To the extent, then, that repeal of NMSA 1978, §§ 52–1–32 through –35, deprives a claimant of a forum between May 21 and December 1, 1986, for resolution of

a legislatively-created right, we hold that portion of Section 102 unconstitutional, when applied to the very narrow question of jurisdiction over a claimant in Mr. Hall's position who has filed or will file a claim in district court prior to December 1, 1986. *See National Council of Compensation Ins. v. New Mexico State Corporation Comm'n,* 103 N.M. 707, 712 P.2d 1369 (1986). We further hold that commencing on December 1, 1986, all claims, regardless of when the injury or death may have occurred, shall be filed with the workmen's compensation administration. With the restricted holdings pertinent only to this case and to other claimants similarly situated, all parts of the 1986 Act now may be read harmoniously, sensibly and with respect for the force and effect of the Act.

Consequently, we quash the alternative writ previously issued. Although the district court denied dismissal on other grounds, we now affirm that ruling on the basis of this Opinion and remand the case for further proceedings.

RIORDAN, C.J., SOSA, Sr.J. and FEDERICI and STOWERS, JJ., concur.