1997–NMCA–003

930 P.2d 1172

**Cindy D.C. CARRILLO,
Worker–Appellant,**

v.

**COMPUSYS, INC., Employer/Insurer–
Appellee.**

No. 17101.

Court of Appeals of New Mexico.

Dec. 9, 1996.

Certiorari Denied Jan. 10, 1997.

Cindy D.C. Carrillo, Rio Rancho, Pro Se Appellant.

Richard J. Shane and Deborah S. Dungan, Padilla, Riley & Shane, P.A., Albuquerque, for Appellee.

## OPINION

BOSSON, Judge.

1. On this appeal from a denial of benefits to Worker, we must decide whether the Director of the Workers' Compensation Administration (WCA) had the statutory and constitutional authority to appoint a Workers' Compensation Judge pro tempore (WCJ pro tem) to hear Worker's case. We are satisfied that the legislature has conferred such authority upon the Director in a manner which does not offend the New Mexico Constitution. Accordingly, we affirm.

2. Worker is presently employed with the WCA as an ombudsman. She was previously employed with Compusys, Incorporated (Employer). While enjoying her present position with the WCA, Worker filed a compensation claim against Employer for disability benefits and medical expenses. A regular WCA mediator was initially assigned to Worker's case, but because the mediator was also employed by the WCA, the case was reassigned to a mediator pro tem. Worker rejected the recommended resolution of the mediator pro tem.

3. The case was then assigned to a series of pro tem judges appointed by the WCA Director. The first was challenged by Employer, and Worker challenged the next one. A third pro tem judge recused himself due to a possible conflict of interest. Finally, the case was assigned to WCJ pro tem R.E. Richards, who was not challenged by either side, and he heard the case. The parties stipulated that the WCA had jurisdiction over Worker's claim. Employer made it clear it would proceed only if a WCJ pro tem were appointed and represented on the record that the parties had agreed to the appointment of a judge pro tem to hear the case. Ultimately, the WCJ pro tem issued a ruling dismissing Worker's claim, from which Worker appeals. Worker's grounds for appeal go primarily to the authority of the WCJ pro tem to hear the case.

*Preservation of Worker's Issue*

■ 4. Worker did not raise a challenge below to the authority of the WCJ pro tem to hear her case. Although failure to preserve an argument for appeal is normally fatal, we have previously characterized the lack of authority of a judge pro tem as a jurisdictional question that may be raised at any time even where the parties have stipulated to the appointment. *Cf. State v. Doe,* 91 N.M. 57, 61–62, 570 P.2d 595, 599–600 (Ct.App.) (interpreting Article VI, Section 15 as applicable to appointment of pro tem judge in district court), *rev'd on other grounds,* 91 N.M. 51, 570 P.2d 589 (1977). Therefore, we proceed to address Worker's contentions.

*Authority of WCA to Appoint a Judge Pro Tem*

5. The Director of the WCA may appoint a WCJ pro tem under specific regulatory authority: "In the instance where a WCA employee files a complaint with the Administration, the Director will appoint a pro tem mediator to mediate the complaint. If the complaint is not resolved in mediation, the Director will appoint a pro tem judge to adjudicate the complaint." WCA Administrative Manual, ¶ D(8), at 85. The Director has general statutory authority to adopt reasonable rules and regulations "for effecting the purposes of the Workers' Compensation Act." NMSA 1978, § 52-5-4(A) (Repl. Pamp.1991).

6. Although there is no statute specifically authorizing the appointment of a WCJ pro tem, the Director does have unqualified authority to "appoint necessary workers' compensation judges" without reservation. NMSA 1978, § 52-5-2(B) (Repl.Pamp.1991) (effective Jan. 1, 1991). Pro tem judges would appear to be implicit within that grant of authority where their appointment is "necessary," and there is no dispute in this case of that necessity, given the potential conflict of interest arising from Worker's relationship with other employees of the WCA.

■ 7. Even if the statute can be read broadly enough, Worker challenges the ap-

pointment under the New Mexico Constitution. Essentially, Worker argues that only the Supreme Court, not the WCA, may appoint pro tem judges because that is the only explicit reference in the constitution to judges pro tem. We do not agree with Worker's position. The Supreme Court's power to appoint pro tem judges is derived from Article VI, Section 15 of our constitution. That section refers only to appointment of pro tem judges for district courts. While Article VI, Section 15 does not provide authority for the pro tem appointment of administrative law judges, neither does it bar such appointment by appropriate officials outside the judiciary.

■ 8. Worker also points to the general constitutional power of superintending control which Article VI, Section 3 grants exclusively to the Supreme Court. However, the grant of superintending control in Article VI, Section 3 is limited to control over inferior courts within the judicial branch of government. *Compare Atchison, T. & S.F. Ry. v. State Corp. Comm'n,* 43 N.M. 503, 510, 95 P.2d 676, 680 (1939) (holding constitutional provision referring to "inferior courts" was intended to mean those courts mentioned or provided for in the constitution), *and Maples v. State,* 110 N.M. 34, 37, 791 P.2d 788, 791 (1990) (Ransom, J. & Montgomery, J., dissenting), *with Stabley v. Shelby Township Supervisor,* 145 Mich.App. 497, 378 N.W.2d 524, 526 (1985) (per curiam) (circuit court could issue superintending control order to civil service commission under Michigan Court Rule providing that such an order "enforces the superintending control power of a court over lower courts *or tribunals*" (Emphasis added.)).

■ 9. The WCA is not part of the judiciary; appeals are taken from decisions of the WCJ *to* the judiciary. *Maples,* 110 N.M. at 36, 791 P.2d at 790. Justice Montgomery, although dissenting from the result in *Maples,* stated nonetheless: "[A]dministrative cases like workers' compensation proceedings are by definition special statutory proceedings to which judicial rulemaking authority does not extend." *Id.* at 42, 791 P.2d at 796; *see* Michael B. Browde & M.E. Occhialino, *Separation of Powers and the Judi-cial Rule–Making Power in New Mexico: The Need for Prudential Constraints,* 15 N.M.L.Rev. 407, 443–47 (1985). The WCA was created by statute to provide an administrative system for quasi-judicial adjudication of disputes arising from job-related injuries. Vesting that power administratively, instead of in the courts, does not threaten the constitutional separation of powers reserved to the judiciary in Article III, Section 1 of the New Mexico Constitution. *See Wylie Corp. v. Mowrer,* 104 N.M. 751, 752–53, 726 P.2d 1381, 1382–83 (1986) (upholding constitutionality of WCA), *overruling State ex rel. Hovey Concrete Prods. Co. v. Mechem,* 63 N.M. 250, 316 P.2d 1069 (1957). Therefore, we believe a common-sense reading of Article III, Section 1 evinces no constitutional intent, purpose, or need to restrict legislative power to establish procedure for workers' compensation proceedings, including authority to appoint a WCJ either full-time or pro tem, and that authority runs parallel to, and does not conflict with, the unchallenged power of our Supreme Court over New Mexico's judiciary.

10. Worker argues further that appointment of a WCJ pro tem outside the judiciary would provide no remedy to the parties in those instances when the WCJ violates the Code of Judicial Conduct. NMRA 1996, 21–001 to –901. Under Section 52–5–2(C), a WCJ appointed by the WCA need not conform to Canon 21–900 of the Code of Judicial Conduct, but must abide by all other provisions of that Code. However, Canon 21–900 merely provides that investigation of any Code violations be performed by the Supreme Court under its powers of superintending control. Judges appointed by the WCA, on the other hand, are investigated by the state personnel board which reports directly to the WCA Director. Section 52–5–2(C). Because a WCJ must obey all other substantive provisions of the Code of Judicial Conduct, and is subject to investigation and discipline by the Director, including termination, a relief mechanism is available to address concerns about ethical conduct of any WCJ, including one appointed pro tem. In our view this concern of Worker is not a valid ground for rejecting the statutory WCA authority to appoint pro tem judges. Refer-

ral of disciplinary complaints to the WCA instead of the Supreme Court reaffirms our opinion that exclusive WCA authority over WCJ appointments does not conflict with the superintending power of the Supreme Court over the state judiciary.

11. In addition, Worker claims that the WCA regulation providing for pro tem appointments is designed to apply only to claims of workers who are injured while employed by the WCA and not to her claim which arose out of an accident preceding Worker's employment with the WCA. Worker also argues that the regulation is unreasonable in that no public hearing was provided for comment. However, Worker did not make these arguments below, and therefore we do not consider them on appeal. *See Cisneros v. Molycorp, Inc.*, 107 N.M. 788, 794, 765 P.2d 761, 767 (Ct.App.) (where argument raised on appeal was not raised below, no error has been preserved), *cert. denied*, 107 N.M. 785, 765 P.2d 758 (1988); *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987) (in order to preserve issue for review, it must appear that appellant invoked a ruling of the trial court on same grounds argued on appeal). The arguments do not fall within the limited exceptions to the rule which requires preservation below. *See* NMRA 1996, 12–216(B).

12. Although the parties stipulated to the appointment of R.E. Richards as judge pro tem, Worker argues that this stipulation was improper. Relying on Article VI, Section 15 of the New Mexico Constitution, Worker argues that such a stipulation is only allowed after the disqualification of the workers' compensation judges. Since we have determined that Article VI, Section 15 only applies to district court judges, there is no foundation for Worker's argument.

[8] 13. In the conclusion to her brief-in-chief, Worker asks this Court to address her claim that certain sections of the Workers' Compensation Act are unconstitutional. *See* NMSA 1978, §§ 52–1–54, 52–3–47 (Cum. Supp.1996). It is difficult to understand the exact nature of Worker's complaints. In any case, we point out that Worker cites no authority supporting her claim. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding issues unsupported by cited authority not considered on appeal). We will not consider an argument on appeal, particularly a constitutional one, which is not adequately supported by cited authorities.

14. Worker raises additional arguments in her docketing statement which are not argued in the brief-in-chief. Those arguments are deemed abandoned. *Douglass v. State Regulation & Licensing Dep't*, 112 N.M. 183, 184, 812 P.2d 1331, 1332 (Ct.App.), *cert. denied*, 112 N.M. 77, 811 P.2d 575 (1991); *see also Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding pro se litigant to the same standards as member of the Bar).

15. For the foregoing reasons, we hold the WCA possessed the statutory and constitutional authority to appoint an administrative pro tem judge and, accordingly, we affirm the decision of the WCJ pro tem.

16. IT IS SO ORDERED.

DONNELLY and WECHSLER, JJ., concur.