This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ELLEN COOK,**

Plaintiff-Appellant,

v.                                                                 **NO. 31,211**

**ELECTROLUX CORPORATION and TRAVELER'S INSURANCE COMPANY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Titus & Murphy Law Firm
Victor A. Titus
Farmington, NM

for Appellee

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Kimberly A. Syra

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Plaintiff appeals from the district court's order denying her motion to reconsider dismissal. Unpersuaded that Plaintiff established that jurisdiction was proper in the district court, we issued a notice of proposed summary disposition, proposing to affirm the district court's dismissal of Plaintiff's claim. Plaintiff has responded to our notice with a memorandum in opposition. We have considered Plaintiff's response and remain persuaded that Plaintiff has not demonstrated that the district court erred in its jurisdictional decision. We therefore affirm.

On appeal, Plaintiff argues that the district court has continuing jurisdiction over her case because (1) she suffered her work-related injury and her cause of action accrued in 1983 before the establishment of the WCA [RP 1-4], (2) the district court's 1989 judgment ordered Defendants to pay future benefits and stated that Plaintiff's claims for future related healthcare expenses would not be barred by the statute of limitations [RP 110-11], and (3) Plaintiff's current claim challenges Defendant Traveler's Insurance Company's refusal to pay for back surgery recommended in 2010 and, therefore, she has not filed a new claim; she merely seeks to enforce the district court's 1989 judgment ordering open lifetime medical benefits. [DS 1]

For the reasons explained in our notice, we agree with Plaintiff that the appropriate inquiry for the current case is whether Plaintiff's December 2010 complaint for medical benefits constitutes a 'claim' filed after December 1, 1986, that

should be decided by the WCA. The New Mexico Supreme Court has stated clearly that "commencing on December 1, 1986, all claims, regardless of when the injury or death may have occurred, shall be filed with the workmen's compensation administration." *Wylie Corp. v. Mowrer*, 104 N.M. 751, 754, 726 P.2d 1381, 1384 (1986). In response to our notice, Plaintiff asserts, without citation to authority or other elaboration, that her claim is not a new claim but an enforcement of an existing district court judgment. [MIO 1] We continue to believe that Plaintiff's current action falls within the broad language requiring "*all claims*" filed after December 1, 1986, to be filed with the WCA. We disagree with Plaintiff that her complaint for medical treatment was an attempt to reopen her disability benefits in a manner akin to seeking benefits modification within the statutory period for doing so, as it was in *DiMatteo v. County of Dona Ana*, 109 N.M. 374, 377-78, 785 P.2d 285, 288-89 (Ct. App. 1985). [DS 4] In response to our proposed analysis, Plaintiff does not refer us to any provision of the Workers' Compensation Act that would indicate any legislative intent to exclude her claim for medical benefits from the jurisdiction of the WCA. Also, Plaintiff did not file a motion to reopen the compensation order; rather, she filed a new worker's compensation complaint for medical benefits and attorney fees. [RP 116-17] There was no issue or claim in 1989, when the district court's compensation order was issued, contemplating the lumbar fusion surgery.

Furthermore, as we stated in our notice, this is not a case like *DiMatteo* where the district court would be more familiar with the issues than the WCA. In response to our notice, Plaintiff contends there is no support for the proposition that the WCA's expertise is any greater than the district court, asserting that District Court Judge Birdsall handled workers' compensation cases before taking the bench. [MIO 2] The jurisdiction of the district court does not depend upon the experience of an individual judge. We also point out that it was Judge Birdsall who dismissed Plaintiff's claim for lack of jurisdiction. [RP 159] It is clear that by creating the Plaintiffs' Compensation Act and the WCA and by renouncing the applicability of common law actions and defenses of employers and employees, the Legislature intended to create an administrative agency with the authority and expertise to expeditiously resolve the type of claim for medical benefits that Plaintiff has raised here. *See* NMSA 1978, § 52-5-1 (1990). We see no policy or legislative intent consistent with vesting the district court with jurisdiction over medical benefits associated with an over-twenty-year-old order.

For the reasons stated in our notice and in this opinion, we affirm the district court's dismissal of Plaintiff's claim for lack of jurisdiction.

**IT IS SO ORDERED.**

4

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**