This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LILA MOFFETT n/k/a LILA MAJOR,**

Petitioner-Appellee,

v.                                                          **NO. 33,044**

**ANTHONY DEVONTENNO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Lila Moffett
Belen, NM

Pro Se Appellee

Anthony Devontenno
Las Cruces, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1} Father appeals the district court's order concerning modification of custody and time sharing. We issued a calendar notice proposing to affirm, and Father has filed a memorandum in opposition to the proposed affirmance. We have carefully reviewed the arguments made in the memorandum in opposition, and are not convinced that the district court abused its discretion, for the reasons discussed below and in the calendar notice.

{2} Father renews his argument that the district court did not hear his motion to modify in a timely manner. He contends that if the delay had not occurred, Child would have been only eleven or twelve years old at the time of the hearing, and the Court might not have given so much weight to her desires concerning custody and visitation. The fact is, however, that it was Father's responsibility to ensure that a timely hearing occurred, by properly requesting a hearing and then, if no hearing was scheduled, by filing additional pleadings pointing out that fact. We note that there was a change of judge assignment a few months after Father's November 7, 2011 request for a hearing. **[RP 124]** It was Father's responsibility to alert the replacement judge to his pending motions, rather than assuming the judge would be able to review any and all transferred cases to determine whether hearings needed to be scheduled in any of them.

**{3}** Even more fundamentally, however, even assuming the district court erred in delaying the hearing, that fact would not entitle Father to a different result in this proceeding. The proper remedy for a delayed hearing is not, as Father would have it, to ignore the time that has passed and the growth Child has undergone. Instead, the district court properly made its decision on the basis of present conditions and circumstances, rather than making a hypothetical assumption as to what the decision might have been if the hearing had been held a year before, or two years before. We find no abuse of discretion in the district court's decision concerning the delayed hearing.

**{4}** Father also again argues that the district court gave too much weight to Child's wishes, because she was not yet fourteen years old at the time of the hearing. According to Father, the district court "ruled" that it would consider Child to be fourteen years of age, even though she was only thirteen-and-one-half years old at the time of the hearing. We again point out, however, that according to the applicable statute, the district court was required to consider Child's wishes whether she was fourteen years old or younger; and, on the other hand, those wishes do not automatically control the district court's decisions concerning custody and visitation, no matter what the age of Child. NMSA 1978, § 40-4-9 (1977). It was up to the district court to evaluate Child's maturity as well as the validity of any concerns Child

3

might have about a changed visitation or custody schedule. To the extent the district court decided that Child should be treated as a fourteen-year-old would be under the statute, we cannot say the court abused its discretion in doing so. *See Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 9, 109 N.M. 403, 785 P.2d 743 (noting district court's wide discretion in matters of custody and visitation).

{5}     We note Father's concern about the school-related activities in which Child is engaged, and the fact that these activities cut into the time he can spend with Child. **[MIO unnumbered p. 3]** It does not appear that Father brought this concern to the district court's attention, as he states the district court "did not hear these factors." **[Id.]** We will not reverse the district court on the basis of issues that were not presented to that court for its consideration. *See Carrillo v. Compusys, Inc.*, 1997-NMCA-003, ¶ 11, 122 N.M. 720, 930 P.2d 1172. It is of course beyond dispute that school-related activities or other activities are beneficial to a young teenager such as Child. If Father feels nonetheless that these activities overly intrude on the time he spends with Child, that is a concern that must be addressed to the district court rather than to this Court for the first time on appeal. If the district court was in fact presented with this argument and did not find it convincing, we believe that decision was well within the district court's discretion, given the obvious value of these types of activities to Child's development and well-being.

{6} For the reasons stated above and in the calendar notice, we affirm the district court's decision in this matter.

{7} **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**