This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36664**

**MAX QUINTANA, ESTATE OF RICHARD VALDEZ, RICHARD VALDEZ, JR., his son, and ROBERT GALLEGOS,**

> Plaintiffs-Appellants,

and

**LEONARD QUINTANA, GEORGE VIGIL, MURPHY SISNEROS, SAMUEL R. QUINTANA, and FREDDIE LUJAN, ESTATE OF ISAAC ELOY VALENCIA, and ERIC VALENCIA, his son,**

> Plaintiffs,

v.

**STATE OF NEW MEXICO, RISK MANAGEMENT DIVISION, NEW MEXICO CORRECTIONS DEPARTMENT, and DEPARTMENT OF MILITARY AFFAIRS,**

> Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Domenici Law Firm, P.C.
Pete V. Domenici, Jr.
Reed C. Easterwood
Albuquerque, NM

for Appellants

Hatcher Law Group, P.A.
Keitha A. Leonard
Scott P. Hatcher
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiffs[1] Max Quintana, Estate of Richard Valdez, and Richard Valdez, Jr. appeal the district court's order granting summary judgment in favor of Defendants State of New Mexico, Risk Management Division, New Mexico Corrections Department, and Department of Military Affairs on both their workers' compensation claims and their claims made pursuant to *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. Concluding that the district court did not have jurisdiction over Plaintiffs' workers' compensation claims, we remand to the district court to dismiss those claims for lack of jurisdiction. We otherwise affirm.

**BACKGROUND**

**{2}** On February 2, 1980, prisoners at the New Mexico State Penitentiary began to riot. On that same day, Governor Bruce King determined that, "in order to protect the life, safety and well-being" of persons and property, "it was necessary to call in emergency service elements of the New Mexico National Guard[.]" Plaintiffs were among those in the New Mexico National Guard who performed military duty at the State Penitentiary during and/or after the riot.

**{3}** On June 21, 2012, over thirty-two years after their military service at the State Penitentiary, Plaintiffs filed the complaint that began this case. On July 17, 2013, Plaintiffs filed their second amended complaint, which alleged that (1) Plaintiffs were employees of the State of New Mexico through the Department of Military Affairs in 1980; (2) as a result of their employment during the 1980 riot, Plaintiffs experienced work-related post-traumatic stress disorder (PTSD) or exacerbation of pre-existing PTSD; (3) their workers' compensation claims are covered by the Workers' Compensation Act in effect when they were deployed to the State Penitentiary (the Old Act) rather than the Workers' Compensation Act in effect when they filed the lawsuit (the New Act); and (4) alternatively, Plaintiffs have causes of action under *Delgado*.

**{4}** Defendants moved for summary judgment. Following briefing from the parties and argument on the motion, the district court entered an order granting Defendants' motion. The district court concluded that (1) Plaintiffs had not and could not meet the requirements of the Old Act; (2) even if the court could apply the Old Act, Plaintiffs'

---

1Plaintiff Robert Gallegos was initially also a party to this appeal. However, he settled his claims at mediation during the pendency of this appeal and, therefore, is no longer a party.

claims were time-barred; (3) Plaintiffs had not and could not meet the requirements of the New Act; (4) even if the New Act did apply, the court would not have jurisdiction to hear claims made under it; (5) the 1980 reports from Attorney General Jeff Bingaman to Governor Bruce King and members of the Legislature discussing the causes of the riot at the State Penitentiary and providing recommendations to avoid future riots do not satisfy the "actual knowledge" standard sufficient to meet NMSA 1978, Section 52-1-29(A) (1990); and (6) *Delgado* does not apply because there was no evidence that Defendants unconscionably or egregiously deployed Plaintiffs to the riot at the State Penitentiary either subjectively or objectively expecting and intending that Plaintiffs would be injured. Plaintiffs appeal.

## DISCUSSION

### I. The District Court Did Not Have Jurisdiction Over Plaintiffs' Workers' Compensation Claims

**{5}** The facts and circumstances of this case raise a jurisdictional question that we must address before reaching Plaintiffs' arguments regarding the merits of their workers' compensation claims. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them."); *Maso v. N.M. Taxation & Revenue Dep't*, 2004-NMCA-025, ¶ 13, 135 N.M. 152, 85 P.3d 276 ("[A]n appeal from a court . . . that lacks subject matter jurisdiction confers no jurisdiction on the appellate court." (internal quotation marks and citation omitted)). "[W]hether a [district] court has jurisdiction in a particular case is a question of law that we review de novo[.]" *Smith*, 2007-NMSC-055, ¶ 10.

**{6}** In 1986, our Legislature repealed sections of the then-existing Workers' Compensation Act that "required filing of claims in the district court . . . and trial of claims in the district court." *Wylie Corp. v. Mowrer*, 1986-NMSC-075, ¶ 8, 104 N.M. 751, 726 P.2d 1381. The repeal of those sections became effective on May 21, 1986. *Id.* At the same time, the Legislature provided that "all claims filed after December 1, 1986, shall be heard and determined by a hearing officer appointed by the director of the newly created [workers'] compensation administration." *Id.* ¶ 1.

**{7}** Following those changes, our Supreme Court held "that commencing on December 1, 1986, all claims, *regardless of when the injury . . . may have occurred*, shall be filed with the [workers'] compensation administration." *Id.* ¶ 13 (emphasis added). Furthermore, this Court has recognized that "[w]ith its creation of the [workers' compensation administration], the Legislature gave the [workers' compensation administration] exclusive jurisdiction over workers' compensation cases, removing these cases from the district court's jurisdiction." *Jones v. Holiday Inn Express*, 2014-NMCA-082, ¶ 11, 331 P.3d 992 (citing *Wylie Corp.*, 1986-NMSC-075, ¶¶ 1, 8).

**{8}** Because Plaintiffs' workers' compensation claims were filed for the first time after December 1, 1986, the district court did not have jurisdiction over those claims. *Cf.*

*DiMatteo v. Cty. of Dona Ana ex rel. Bd. of Cty. Comm'rs*, 1989-NMCA-108, ¶¶ 12, 18, 109 N.M. 374, 785 P.2d 285 (distinguishing claims filed for the first time after December 1, 1986, from applications to increase, decrease, or terminate benefits and concluding that the district court had continuing jurisdiction over the latter). Accordingly, we remand to the district court to dismiss Plaintiffs' workers' compensation claims for lack of jurisdiction.

## II.     The District Court Properly Granted Summary Judgment on Plaintiffs' *Delgado* Claims and Plaintiffs Have Failed to Otherwise Show That the Workers' Compensation Act Does Not Provide Their Exclusive Remedy

**{9}**     In their summary judgment briefing in the district court, Plaintiffs argued that they had valid *Delgado* claims. Plaintiffs attempt to shed the *Delgado* label in this appeal, asserting that the characterization of their claims is not dispositive. Rather than challenge the district court's grant of summary judgment on their *Delgado* claims, Plaintiffs focus on whether Defendants have waived immunity under the Tort Claims Act and whether they have met the notice requirements of that act. Within that argument, Plaintiffs assert that the Workers' Compensation Act does not provide their exclusive remedy under this Court's reasoning in *Quintero v. New Mexico Department of Transportation*, 2010-NMCA-081, 148 N.M. 903, 242 P.3d 470. In response, Defendants contend that Plaintiffs have waived any appeal as to their *Delgado* claims. In their reply, Plaintiffs briefly argue that they had made a "colorable" *Delgado* claim while continuing to assert their arguments based on *Quintero*.

## A.     Standard of Review

**{10}**     "Summary judgment is reviewed on appeal de novo." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 8, 139 N.M. 12, 127 P.3d 548. "New Mexico courts, unlike federal courts, view summary judgment with disfavor, preferring a trial on the merits." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280. However, "summary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment." *Id.* ¶ 10. "By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Id.* (internal quotation marks and citation omitted).

**{11}**     "Once this prima facie showing has been made, the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted). "A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint." *Id.* (alteration, internal quotation marks, and citation omitted). "Rather, the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues." *Id.* (alteration, internal quotation marks, and citation omitted). "Such evidence adduced must result in reasonable inferences." *Id.* "An inference is not a supposition or a conjecture, but is a logical deduction from facts proved and guess work is not a substitute therefor." *Id.* (internal quotation marks and citation omitted).

**B. Plaintiffs' *Delgado* Claims**

**{12}** We begin with Plaintiffs' arguments concerning the district court's grant of summary judgment on their *Delgado* claims. We note that, generally, we will not address issues that are raised for the first time in the reply brief, *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65, because such presentation forecloses an opportunity for the appellees to respond, *Doe v. City of Albuquerque*, 1981-NMCA-049, ¶ 8, 96 N.M. 433, 631 P.2d 728. However, we depart from our general practice in this case because Defendants addressed this point directly in their answer brief, and even when we consider the arguments made in the reply brief, we are not persuaded that the district court erred in granting summary judgment on Plaintiffs' *Delgado* claims. *See Salazar v. Torres*, 2007-NMSC-019, ¶ 14, 141 N.M. 559, 158 P.3d 449 ("*Delgado* established a high threshold of culpability that should eliminate many claims before trial."). We explain.

**{13}** To the extent that Plaintiffs argue that Defendants failed to make a prima facie showing that they were entitled to summary judgment, we disagree. In *Delgado*, our Supreme Court held that

> willfulness renders a worker's injury non-accidental, and therefore outside the scope of the [Workers' Compensation Act], when: (1) the worker or employer engages in an intentional act or omission, without just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer expects the intentional act or omission to result in the injury, or has utterly disregarded the consequences; and (3) the intentional act or omission proximately causes the injury.

2001-NMSC-034, ¶ 26. To those points, Defendants (1) submitted executive orders from then-Governor Bruce King that outlined the reasons for deploying the National Guard to the State Penitentiary and argued that those orders, when combined with relevant law, demonstrated just cause for the deployment; (2) asserted that Plaintiffs had not and could not show that the Defendants objectively or subjectively intended to harm them through deployment of the National Guard to the State Penitentiary; and (3) asserted that the absence of any evidence that Defendants objectively or subjectively intended to harm Plaintiffs means there can be no causation. Defendants' evidence and argument was sufficient for the district court to conclude that they had made a prima facie showing. *See Romero*, 2010-NMSC-035, ¶ 10.

**{14}** At that point, the burden shifted to Plaintiffs "to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted). Plaintiffs did not do so in their response to Defendants' summary judgment motion, and they have not done so in their appellate briefs. Rather than identifying any evidence in the record proper that would make trial on the merits necessary, Plaintiffs cite only their second amended complaint. But, Plaintiffs may not carry their burden by "rest[ing] upon the allegations of the complaint[.]" *Id.* (internal quotation marks and citation omitted). Because Plaintiffs have failed to demonstrate the

existence of a genuine issue of material fact, we affirm the district court's grant of summary judgment on Plaintiffs' *Delgado* claims.

## C.    Plaintiffs' *Quintero* Arguments

**{15}**    Plaintiffs generally argue that "*Quintero* stands for the proposition that factual circumstances, such as in this appeal, expressly allow for remedies outside the [Workers' Compensation Act.]" Plaintiffs recite a number of failures that contributed to the inmates' ability to overcome the State Penitentiary guards to support their argument that "the State and prison personnel's grossly negligent failure of duties that led to the riot here were completely separate from the State's status as employer of [Plaintiffs.]"

**{16}**    As an initial matter, we must address whether Plaintiffs have preserved this argument. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). Here, Plaintiffs have failed to identify where in the record they preserved these arguments. *See* Rule 12-318(A)(4) NMRA (requiring each argument to contain "a statement explaining how the issue was preserved in the court below"); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent that citation to the record or any obvious preservation, we will not consider the issue."). While we are under no obligation to search the record for preservation of these arguments, *Young v. Van Duyne*, 2004-NMCA-074, ¶ 9, 135 N.M. 695, 92 P.3d 1269, based on our review of the record, we are unable to identify any instance in which Plaintiffs invoked a ruling from the district court on whether *Quintero* provided a basis for them to avoid the exclusivity of the Workers' Compensation Act. Accordingly, we decline to address these arguments made for the first time in this appeal. *See Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 12, 138 N.M. 851, 126 P.3d 1215 ("[W]e review the case litigated below, not the case that is fleshed out for the first time on appeal." (internal quotation marks and citation omitted)).

## D.    Plaintiffs' Tort Claims Act Arguments

**{17}**    In order to maintain a cause of action against Defendants in tort, Plaintiffs must demonstrate two things: that an exception applies that allows them to avoid the exclusivity provisions of the Workers' Compensation Act and that their government employer has waived immunity under the Tort Claims Act. *See Richey v. Hammond Conservancy Dist.*, 2015-NMCA-043, ¶¶ 32-33, 346 P.3d 1183 (leaving a determination of governmental immunity under the Tort Claims Act to be addressed by the district court on remand after concluding that the plaintiff's complaint stated a claim under *Delgado*). We affirmed the district court's grant of summary judgment on Plaintiffs' *Delgado* claims, and Plaintiffs have failed to otherwise demonstrate that their claims are not subject to the exclusivity provision of the Workers' Compensation Act. Accordingly, we need not reach Plaintiffs' arguments that Defendants have waived immunity under the Tort Claims Act.

### III.	Quintana's Remaining Arguments

**{18}**	Quintana first argues that the district court abused its discretion by not making a formal determination as to the effect of his failure to answer requests for admission contrary to Rule 1-036(A) NMRA. Defendants respond that Quintana did respond to the requests for admissions and identifies the portion of the record that contains Quintana's admissions. In reply, Quintana acknowledges the admissions. Accordingly, we conclude that Quintana's argument that the district court needed to determine the effect of Quintana's failure to answer is without merit.

**{19}**	Quintana also asserts that the district court abused its discretion by excluding his proffered exhibit list. Quintana makes this argument in a heading of his brief in chief and dedicates only a single sentence to developing his argument. Without more, we decline to address Quintana's argument regarding the exhibit list. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." (citation omitted)); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

### CONCLUSION

**{20}**	For the foregoing reasons, we remand to the district court to dismiss Plaintiffs' workers' compensation claims for lack of jurisdiction and otherwise affirm.

**{21}	IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**