2002-NMCA-099

54 P.3d 551

**Cindy D.C. CARRILLO, Worker–Appellant,**

v.

**COMPUSYS, INC., Employer–Insurer–Appellee/Cross–Appellant.**

**No. 21,959.**

Court of Appeals of New Mexico.

July 16, 2002.

Cindy D.C. Carrillo, Rio Rancho, NM, Pro se Appellant.

Richard J. Shane, Courtenay L. Keller, Riley, Shane & Hale, P.A., Albuquerque, NM, for Cross–Appellee.

Robert M. Aurbach, Special Assistance Attorney General, Amme M. Hogan, Special Assistant Attorney General, NM Workers' Compensation Administration, Albuquerque, NM, for Amicus Curiae.

## OPINION

ALARID, Judge.

{1} This case requires us to decide whether a Workers' Compensation Judge may require a worker to pay the employer's attorney's fees as a sanction for bad faith in pursuing a meritless claim for benefits. We hold that the Workers' Compensation Act does not authorize the shifting of attorney's fees to a worker as a sanction for bad faith litigation.

## BACKGROUND

{2} In 1995, Cindy D.C. Carrillo (Worker) filed a pro se compensation claim against Compusys, Inc. (Employer). The Workers' Compensation Judge (WCJ) entered a judgment denying benefits and dismissing Worker's claim. Worker appealed the judgment to this Court; we affirmed. *Carrillo v. Compusys, Inc.*, 1997–NMCA–003, 122 N.M. 720, 930 P.2d 1172.

{3} Thereafter, Worker filed an "Application for Modification of Compensation Order." The WCJ entered summary judgment in favor of Employer. Worker again appealed to this Court. We affirmed in a memorandum opinion. In our opinion we observed that:

[W]orker did not seek to modify her award because her condition had changed, but because she sought to challenge the factual findings and legal conclusions of the underlying order. . . .

Worker's memorandum [in opposition to summary affirmance] challenges the findings made, not by the WCJ . . . in the application to modify the award, but by the WCJ . . . in the case addressing the award itself. As we stated in our calendar notice, any issues arising from that case could and should have been addressed in Worker's previous appeal. As we observed in our opinion in that case, any issues raised in the docketing statement, but not argued in Worker's brief in chief were abandoned.

. . . .

As we stated in our calendar notice, Worker made no argument to the WCJ in this case that her physical condition had changed and failed to present grounds sufficient to justify modification of the compensation order. Thus, there were no genuine issues of fact to be decided because the issues had already been—or could have been—litigated in the earlier case. Accordingly, the WCJ did not abuse her discretion [sic] in granting Employer's motion for summary judgment.

*Carrillo v. Compusys, Inc.*, No. 21,064, *slip op.* at 4–5 (July 12, 2000) (citations omitted).

{4} Following the entry of summary judgment, Employer had filed a "Motion for Bad Faith," seeking sanctions in the form of an award of attorney's fees and costs incurred by Employer and its insurer in defending against Worker's claims. While the second appeal was pending, Employer pursued its motion for sanctions. On February 2, 2000, the WCJ held a hearing on Employer's motion. Worker did not appear. On March 24, 2000, the WCJ entered detailed findings of fact and conclusions of law. The WCJ found that "Worker has advanced and continues to advance meritless arguments throughout this litigation in order to harass or vex the Employer/Insurer and their counsel, and representatives, which conduct amounts to bad faith." The WCJ found that "due to Worker's continued pursuit of meritless and unfounded claims as referenced herein, counsel

for Employer/Insurer has expended 63.80 hours in the defense of said vexatious and oppressive litigation." Under the Conclusions of Law, the WCJ determined that "[t]he conduct of Worker displayed throughout this litigation constitutes 'a malicious abuse of process,' as set forth in *Devany v. Thriftway Marketing Corporation*, [1998–NMSC–001], 124 [N.M. 512 [, 953 P.2d 277] (Ct.App.1997)[sic]]." Citing NMSA 1978, § 52–1–54(I) (1993), the WCJ awarded Employer's counsel an additional $2500 in fees plus gross receipts tax "due to Worker having acted in bad faith during the course of this litigation and which bad faith actions caused Employer/Insurer to suffer economic loss." Citing 11 NMAC 4.4.13.2 and 11 NMAC 4.4.13.4, the WCJ awarded Employer "an additional reasonable attorney's fee . . . due to Worker having advanced and continuing to advance meritless positions in order to harass and vex Employer/Insurer, its counsel, employees, agents and representatives." The WCJ directed Employer's counsel to present evidence establishing the amount of the additional fee award. Counsel submitted an affidavit stating that he had expended 74.90 hours in responding to Worker's Application to Modify Compensation order.

{5} On July 13, 2000, the director of the Workers' Compensation Administration (WCA) notified the parties that the contract by which the WCJ assigned to the case had served as a WCJ *pro tem* had expired and that she was no longer authorized to act in the case. The case was assigned to a successor WCJ. On December 6, 2000, the successor WCJ entered an order carrying out the portion of the March 24, 2000, findings and conclusions that awarded an additional $2500 in attorney's fees. However, the successor WCJ declined to carry out the portion of the March 24, 2000, findings and conclusions authorizing a further award of attorney's fees. Both Worker and Employer have appealed from the December 6, 2000, order. We have subject matter jurisdiction pursuant to NMSA 1978, § 52–5–8 (1989).

## STANDARD OF REVIEW

{6} Attorney's fees awards are reviewed for an abuse of discretion. *New Mexico Right to Choose/NARAL v. Johnson*,

1999–NMSC–028, ¶ 6, 127 N.M. 654, 986 P.2d 450. "Nevertheless, even when we review for an abuse of discretion, 'our review of the application of the law to the facts is conducted de novo.' Accordingly, we may characterize as an abuse of discretion a discretionary decision that '[is] premised on a misapprehension of the law.' " *Id.* ¶ 7 (citations omitted).

## DISCUSSION

■ {7} We conclude that the WCJ erred in relying upon Section 52–1–54(I) to justify an award of attorney's fees against Worker. Section 52–1–54(I) is a cap on attorney's fee; it does not authorize fee shifting. Ordinarily, a party's attorney's fees are subject to a $12,500 cap. Pursuant to Section 52–1–54(I), the WCJ may award up to $2500 in additional attorney's fees where the adverse party has acted in bad faith. However, Section 52–1–54, provides that the *employer*, not the worker, is responsible for paying any fees awarded to employer's counsel pursuant to Section 52–1–54(I). Although the Act requires the employer to pay all or a portion of a prevailing worker's attorney's fees, in Sections 52–1–54(F) and (J), there is no corresponding provision for shifting any portion of a prevailing employer's attorney's fees to the worker. Thus, Section 52–1–54(I) cannot be the basis for shifting Employer's attorney's fees to Worker.

■ {8} Employer also relies on the WCJ's determination that Worker's conduct amounted to malicious abuse of process under the standards of *DeVaney*, 1998–NMSC–001, ¶ 1, 124 N.M. 512, 953 P.2d 277. The principal difficulty we have with this argument comes from the nature of abuse of process as a common-law tort cause of action. We are unaware of any reported New Mexico decision recognizing that an abuse of process claim can be predicated on abuse of administrative process. In view of our conclusion that the legislature has not committed abuse of process claims to the WCA, we do not reach the issues of whether New Mexico should recognize a claim for abuse of administrative process or whether Worker's conduct amounted to abuse of process. Assuming, solely for purposes of argument, that it

is even within the legislature's power to assign an employer's common-law abuse of process claim to the WCA, *see* N.M. Const. art. III, § 1(1986), nothing in the Act suggests that the legislature has committed abuse of process claims to the WCA for adjudication.

{9} Lastly, Employer argues that an award of attorney's fees was authorized by 11 NMAC 4.4.13 (1996). This regulation provides that a WCJ may sanction a party for (1) "[a]dvancing a meritless position in order to harass or vex the opposing party" or (2) "[e]ngaging in conduct before the WCA which amounts to bad faith." 11 NMAC 4.4.13.2 and 11 NMAC 4.4.13.3. Subsection 4.4.13.4 provides that "[a]s a sanction, the Judge may ... assess reasonable attorney's fees against a party."

■ {10} New Mexico has traditionally followed the American Rule by which each litigant is ordinarily responsible for its own attorney's fees. *American Civil Liberties Union of N.M. v. City of Albuquerque*, 1999–NMSC–044, ¶ 26, 128 N.M. 315, 992 P.2d 866. However, it is well settled that the legislature may override the American Rule by enacting a fee-shifting statute. *Alber v. Nolle*, 98 N.M. 100, 102, 645 P.2d 456, 458 (Ct.App.1982). Section 52–1–54(F)(4) is an example of a fee-shifting statute.

■ {11} Section 52–1–54 appears to comprehensively address the circumstances under which attorney's fees may be shifted. Further, Section 52–1–54(I) specifically addresses the effect of a litigant's bad faith on attorney's fees. We find it significant that although Section 52–1–54 allows fees to be shifted from the worker to the employer, there is no provision authorizing the shifting of fees from an employer to a worker. We are therefore unwilling to read into the general grant of authority allowing the director to "adopt reasonable rules and regulations," NMSA 1978, § 52–5–4(A) (1989), the power to promulgate a rule or regulation that overrides a specific statutory scheme governing fee-shifting. "Administrative bodies are creatures of statute and can act only on those matters which are within the scope of authority delegated to them. An agency cannot amend or enlarge its authority through rules

**714**

and regulations." *In re Proposed Revocation of the Food & Drink Purveyor's Permit for House of Pancakes,* 102 N.M. 63, 66, 691 P.2d 64, 67 (Ct.App.1984) (citations omitted).

Amicus WCA argues that:

From time to time, a litigant will enter a court system and wreak havoc with that system by filing frivolous or unsupported motions, refusing to cooperate with court settings or other disruptive conduct. It can happen in any court system, including WCA hearings, and so the WCA judges need the same tools that other judges have to help them keep the cases moving in an efficient and orderly manner.

We agree with Amicus that the WCA has a need for procedural "tools" to deal with abusive litigants or attorneys. However, we believe that even in the absence of authority to shift attorney's fees to workers as a sanction for abusive or obstructive conduct, the WCA is not left to the mercy of abusive or obstructive litigants. The Legislature has provided the WCA with several potent tools for controlling abusive or obstructive litigants. NMSA 1978, § 52–5–6(B) (2001) expressly authorizes WCJs to "enter noncriminal sanctions for misconduct." Section 52–5–6(D) allows the director to certify certain types of misconduct to the district court, which is authorized to "punish the offending person in the same manner and to the same extent as for contempt committed before the court." NMSA 1978, § 52–1–61 (1990), requires the

director to "impose a penalty on any person who ... violates any provision of, the Workers Compensation Act ... or any rule or regulation adopted pursuant to that ·act." Such penalties may range from twenty-five dollars to one thousand dollars. *Id.*

## CONCLUSION

{12} To summarize, we conclude that the legislature did not authorize the shifting of attorney's fees from an employer to a worker under any of the theories asserted by Employer. In view of our conclusion that the legislature has not authorized fee shifting as a sanction against a worker, we do not address the question of whether the WCJ was presented with substantial evidence supporting a finding of bad faith on the part of Worker. We therefore reverse the WCJ's award of $2500 in attorney's fees as an abuse of discretion and we affirm the WCJ's ruling denying further attorney's fees as a proper exercise of discretion.

{13} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and IRA ROBINSON, Judges.