**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-119**

**Filing Date: October 24, 2011**

**Docket No.  30,020**

**GUILLERMO RIVERA,**

   **Worker-Appellant,**

**v.**

**FLINT ENERGY AND LIBERTY MUTUAL
INSURANCE COMPANY,**

   **Employer/Insurer-Appellee.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Helen L. Stirling, Workers' Compensation Judge**

Richard J. Parmley, Jr.
Farmington, NM

for Appellant

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Kimberly A. Syra
Darin A. Childers
Albuquerque, NM

for Appellee

**OPINION**

**BUSTAMANTE, Judge.**

**{1}** Appellant Guillermo Rivera (Worker) appeals the decision of the Workers' Compensation Judge (WCJ) to apportion Worker's attorney fees equally between Worker and Appellee Flint Energy (collectively with its insurer, Appellee Liberty Mutual Insurance Company, Employer).  Worker argues that the Workers' Compensation Act obligated Employer to pay Worker's attorney fees when he recovered more at trial than he had

1

previously offered to take in settlement. Because we hold that Worker's settlement offer failed to comply with the statute on which Worker relies, we affirm.

## BACKGROUND

**{2}** Worker was injured in the course and scope of his employment in 2004. Over the next five years, Worker litigated various issues related to his injury before the Workers' Compensation Administration. Following the Workers' Compensation Administration Director's issuance of a recommended resolution, Worker's attorney faxed a letter to Employer's attorneys in June 2009. The letter stated that "[w]e would agree to settle as follows[,]" and listed eight factors comprising a proposed settlement. The letter concluded, "[p]lease review the information and offer I have given you and contact me." Employer did not accept Worker's offer.

**{3}** Trial of Worker's claims took place in July 2009. The resulting compensation order awarded Worker benefits in excess of those his counsel had proposed in his letter to Employer. Worker then filed an application for attorney fees, seeking payment of all fees by Employer under NMSA 1978, Section 52-1-54(F) (2003). That section allows a claimant who makes a pretrial settlement offer to recover attorney's fees, if the offer is (1) made pursuant to the statute, (2) for an amount less than is awarded at trial, and (3) rejected by the employer. The WCJ denied Worker's request for apportionment, finding that the letter did not "provide sufficient specificity or adhere sufficiently to the statute" to trigger the statute's fee-shifting provisions. Accordingly, the judge apportioned Worker's attorney fees, in the amount of $16,500, equally between Worker and Employer. Worker now appeals the apportionment of his attorney fees.

## DISCUSSION

### Standard of Review

**{4}** We review a WCJ's interpretation of a statute de novo. *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 14, 146 N.M. 453, 212 P.3d 341. We begin with the plain meaning of the statute's words and construe its provisions together to produce a harmonious whole. *Id.* Once we determine the meaning of the statute, we review the record to determine whether the findings and award are supported by substantial evidence. *Id.*

### Worker's Letter Failed to Comply With Section 52-1-54(F)

**{5}** Section 52-1-54(F) provides that a litigant before the Workers' Compensation Administration "may serve upon the opposing party an offer to allow a compensation order to be taken against him." The statute further provides that, "if the worker's offer was less than the amount awarded by the compensation order, the employer shall pay one hundred percent of the attorney fees to be paid the worker's attorney." Section 52-1-54(F)(4). Worker's attorney sent the letter at issue about a month before trial. The letter proposed that Employer accept the following eight values in resolution of the case:

> [Maximum medical improvement] date:                    August 18, 2006

2

| | |
|---|---|
| Impairment rating: | 20% |
| Modifier points: | 72 |
| Total [permanent partial disability] % rate: | 92% |
| PPD weekly $ rate: | $386.46 |
| Overpayment through 6/24/09: | $8,433.93 |
| Overpayment at $386.46/week: | 21.82 weeks |
| Weeks remaining from 6/24/09: | 423.18 weeks |

The letter was silent in regard to Section 52-1-54(F). It did not refer to the section, nor to any language in the section. It did not indicate that the offer was to allow a compensation order to be taken against Employer or to invoke the fee shifting provision in the Act. Employer rejected Worker's offer, and the case proceeded to trial. At trial, the WCJ awarded Worker the following values for the first five of Worker's factors listed above:

| | |
|---|---|
| [Maximum medical improvement] date: | December 12, 2006 |
| Impairment rating: | 20% |
| Modifier points: | 79 |
| Total [permanent partial disability] rating: | 99% |
| PPD weekly $ rate: | $415.87 |

Thus, it is undisputed that Worker was awarded more at trial than his counsel had offered in his June 2009 letter. Worker argued below, and argues on appeal, that the letter was subject to Section 52-1-54(F). Accordingly, Worker argues the WCJ erred by failing to require Employer to pay the entirety of Worker's attorney fees.

**{6}** The issue on appeal is whether Worker's letter constitutes a valid "offer to allow a compensation order to be taken against" Employer. *Id.* Employer argues that the WCJ was correct in finding that the letter did not adequately put Employer on notice that the letter was intended to trigger the fee-shifting provisions of Section 52-1-54(F). We agree.

**{7}** Neither party cites authority construing the requirements of a Section 52-1-54(F) offer or otherwise involving the adequacy of a settlement offer to trigger the statute's fee-shifting provision. Although we have construed the requirements of Section 52-1-54(F) before, the issue raised is one of first impression. Both parties cite *Naranjo v. Paull*, 111 N.M. 165, 803 P.2d 254 (Ct. App. 1990). The Naranjos sued the Paulls for losses they incurred in investments the Paulls had solicited from them. *Id.* at 166-67, 803 P.2d at 255-56. The Paulls argued that liability was barred by the Paulls' prior offer to repurchase the securities under NMSA 1978, Section 58-13-42(B) (repealed 1986), a section of the New Mexico Securities Act. *Naranjo*, 111 N.M. at 168, 803 P.2d at 257. This Court held that an offer sent by the Paulls to all their investors did not qualify as an "offer to repurchase securities" under the Securities Act and therefore could not protect the Paulls from suit. *Id.* As such, while it is useful by way of analogy, *Naranjo* provides only limited direct guidance in connection with the workers' compensation statute at issue here.

**{8}** *Naranjo* is instructive on another level. In *Naranjo*, we based our decision on fundamental contract principles, which translate directly to our analysis under Section 52-1-

54(F). *See Naranjo*, 111 N.M. at 169, 803 P.2d at 258. At its most basic level, this case concerns specifically what type of contract Worker sought. As we recognized in *Naranjo*, "[i]n order to be legally operative and to create a power of acceptance, it is necessary that the offer shall contain all the terms of the contract to be made." *Id.* (internal quotation marks and citation omitted).

**{9}** Here, Employer argues that the offer from Worker's counsel failed to apprise Employer that the offer was intended to be governed by Section 52-1-54(F), whether on its face or through the filing of a certificate of service with the Workers' Compensation Administration. Employer notes that the offer did not mention the statute or state that the offer it contained was valid only for the ten-day period the statute requires. The offer did not refer to the statute's fee-shifting provision. Also, while we note that the offer was clearly offering to settle the case, Employer observes that it did not state that accepting the offer would require Employer to have a compensation order entered against it. Employer could reasonably have concluded that accepting Worker's offer to "settle" the case would result in the simple dismissal of the action before the Workers' Compensation Administration, rather than the formal entry of an order that the statute requires. We conclude that the offer did not set forth any language that can support the type of agreement Worker claims he intended. Such an omission makes the offer ambiguous as to whether Worker proposed an offer of settlement or an offer of judgment. "This flaw in the offer represents a fatal error in the offer and therefore the offer must be deemed to be incomplete . . . [and] a nullity." *Leonard v. Payday Professional*, 2007-NMCA-128, ¶ 23, 142 N.M. 605, 168 P.3d 177.

**{10}** Because the offer failed to either reference Section 52-1-54(F) or to otherwise mention language in that section that would put Employer on notice that the offer was one to allow a compensation order to be taken against Employer, we hold that it was not a valid and effective offer that could invoke the fee shifting provision in the Act. Because the offer did not set forth any language indicating that it was an offer under Section 52-1-54(F), we hold that it was not a valid offer of such an agreement. *See Naranjo*, 111 N.M. at 169, 803 P.2d at 258. Accordingly, we hold that the WCJ did not err by apportioning Worker's attorney fees evenly between Worker and Employer.

**{11}** We have previously analogized Section 52-1-54(F) to the Federal Rule of Civil Procedure 68, which itself is similar to our own Rule of Civil Procedure, Rule 1-068 NMRA. *Baber v. Desert Sun Motors*, 2007-NMCA-098, ¶ 18, 142 N.M. 319, 164 P.3d 1018, ("In *Lang v. Gates*, 36 F.3d 73 (9th Cir. 1994), cited by *Hise [v. City of Albuquerque*, 2003-NMCA-015, 133 N.M. 133, 61 P.3d 842], the Ninth Circuit Court of Appeals noted that an offer of judgment under the Federal Rule of Civil Procedure 68, which is worded substantially similar to Section 52-1-54(F), has the principle purpose 'to encourage settlement and to avoid litigation.'"). Despite their similarities, this case demonstrates the difference between the rules.

**{12}** Prior to 2003, Rule 1-068 mirrored Section 52-1-54(F) in that both required offers of judgment. The Rules Committee, however, amended Rule 68, expressing its belief that requiring "a judgment be entered for the amount of the agreed-upon offer was a disincentive

4

to some litigants to make offers" because those litigants preferred to settle the dispute informally without an entry of judgment. Rule 68, Committee Commentary. The rule now titles the procedure an "Offer of settlement" to make explicit that both offers of judgment and offers of settlement are acceptable means of triggering the rule, even where the only judgment entered is one of dismissal. Section 52-1-54(F) has undergone no such change. The title remains in part, "offer of judgment" and its language requiring "a compensation order to be taken" remains good law. Thus, while the purpose of both the statute and rule remain similar—to promote and encourage settlement, the technical requirements of triggering the offer do not.

**{13}** As guidance and clarification for the bench and bar, we are not suggesting that offers sufficient to allow fee-shifting need to follow any specific format to be effective. But at a minimum, if counsel's aim is to invoke the provisions of Section 52-1-54(F), the document conveying the offer must refer to the statute explicitly or address each of its material requirements, including that if the offer is accepted a judgment is to be entered against Employer.

**CONCLUSION**

**{14}** For the reasons stated herein, we affirm the WCJ's order awarding attorney fees.

**{15} IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *Rivera v. Flint Energy and Liberty Mutual Ins. Co.* , No. 30,020**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **WC** | **WORKERS COMPENSATION** |
| WC-AP | Apportionment |
| WC-AF | Attorney Fees |
| WC-OS | Offset of Settlement |