This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KILLIAN MACAISLIN,**

    Worker-Appellant,

**v.**                                                                  **No. 35,103**

**NOAH'S ARK CHILDREN'S CENTER and**
**NEW MEXICO MUTUAL CASUALTY CO.,**

    Defendant-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

Rodney Ralph O'Dunn
Rio Rancho, NM

for Appellant

Camp Law, LLC
Minerva Camp
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Worker appeals the denial of her application seeking attorney fees pursuant to NMSA 1978, Section 52-1-54 (2013). In our notice of proposed summary disposition, we proposed to reverse. [CN 4] Employer has filed a memorandum in opposition to that proposed disposition. Having duly considered Employer's arguments, we are unpersuaded and now reverse.

{2}     The sole issue in this appeal is whether Worker's pretrial offer of judgment was "less than the amount awarded by the compensation order," thereby entitling her to have all of her attorney fees paid by Employer. Section 52-1-54(F)(4). Employer specifically contests our conclusion that the final compensation order in this case exceeded two aspects of Worker's offer involving payment of outstanding medical bills and authorization for ongoing treatment.

{3}     With regard to outstanding bills, Worker's offer sought:

> payment by Employer/Insurer pursuant to the Workers['] Compensation Act and the rules and regulations promulgated by the Workers['] Compensation Administration of Dr. Whalen's outstanding medical bills for medical treatment provided to Worker for Worker's work-related right knee injury and secondary right knee pain from the date Dr. Whalen first saw Worker up to the present, including all prescriptions written by Dr. Whalen, less one dollar[.]

[RP 331]

{4}     In arguing that this offer was not less than the amount awarded by the compensation order, Employer recites a list of treatment options recommended or

otherwise mentioned in her medical history that were not authorized in the final compensation order. [MIO 2-4] With regard to most of these treatment options, Employer notably fails to assert that Worker actually received the treatment discussed or had any outstanding bills for such treatment. [Id.] And, more importantly for present purposes, Employer fails to explain how any of the listed items fall within the scope of Worker's offer of judgment, which sought only the payment of outstanding bills for care related to her "work-related right knee injury and secondary right knee pain." [RP 331] Instead, Employer merely asserts that Worker submitted claims for some treatment not falling within that description and sought an award covering some bills for that treatment at trial. [*See* MIO 3, asserting that Worker submitted claims related to cellulitis and that a dispute over such bills was included in the pretrial order; *see also id.*, ambiguously suggesting that "[t]horacic and lumbar MRI[s] were requested medical benefits."]

{5}     Section 52-1-54(F)(4), however, does not require a worker to permanently abandon all claims not sought in an offer of judgment. Such a requirement would defeat the purpose of the statute, which exists to encourage settlement. *See Rivera v. Flint Energy*, 2011-NMCA-119, ¶ 12, 268 P.3d 525 (noting that the statute's purpose is "to promote and encourage settlement"). Thus, in order to determine whether Worker is entitled to an award of attorney fees under the statute, we must compare the

3

final compensation order to Worker's written offer of judgment, and not to any prior or subsequent demands, offers, or claims. Instead of making that comparison, however, Employer's memorandum in opposition merely points out that before and after making her offer of judgment, Worker sought compensation not addressed in the offer of judgment and not included in the compensation order.

{6}     Similarly, in regard to authorization for ongoing treatment, Worker's offer sought: "provision of ongoing pain management medical care for the work-related right knee hyperextension injury with patella fracture and secondary chronic right knee pain through Dr. Whalen[.]" [RP 331] In its memorandum in opposition, Employer again describes Worker's efforts seeking treatment outside the scope of her right knee injury. [MIO 4-6] In doing so, Employer asserts that by seeking care for "secondary chronic [right knee] pain," Worker was actually demanding treatment for reflex sympathetic dystrophy and complex regional pain syndrome. [MIO 4-5] Notwithstanding Employer's bare assertion that Worker was demanding such care, we note that the judgment Worker offered to accept explicitly sought treatment only for her knee injury and accompanying secondary chronic pain.[1] [RP 331]

---

[1] We note that Employer's memorandum in opposition places various characterizations of Worker's offer within quotation marks despite the fact that those descriptions of the offer do not involve direct quotations. [MIO 4, 6] We caution Employer's counsel that such use of quotation marks is misleading, and should be avoided in the future. *See* Rule 16-303(A)(1) NMRA; *id.* comm. cmt. 2.

{7} The compensation order ultimately entered in this case explicitly found that Worker's work-related injuries consisted of her "right knee hyperextension with patella fracture and chronic right knee pain secondary to the original injury" [RP 314 (¶ 10)] before holding that "Worker is entitled to ongoing reasonable and necessary treatment as prescribed by Dr. Whalen for her chronic right knee pain." [RP 316 (¶ 4)] It thus appears that the ongoing treatment sought in Worker's offer of judgment is exactly the ongoing treatment awarded in the compensation order.

{8} We therefore note that—with regard to both outstanding bills and ongoing treatment—rather than establishing that Worker sought unawarded benefits in her offer of judgment, Employer is merely arguing that Worker sought such benefits at other times during the history of this case. That issue, however, has no bearing upon the question before this Court, which is simply whether Worker's offer of judgment was less than what was awarded in the compensation order. *See* § 52-1-54(F)(4). As a result, Employer has not met its burden "to clearly point out errors in fact or law" in our proposed disposition. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Based on our calendar notice and the foregoing analyses, Employer's arguments do not persuade us that the district court's broad conclusion and denial of attorney fees was supported in the evidence. We conclude that Worker's offer of judgment was less than the compensation order entered and Worker is entitled

5

to the attorney fees award at issue in this appeal, pursuant to Section 52-1-54(F)(4). The order of the workers' compensation judge denying Worker's request for 100% of her attorney fees is reversed, and the case is remanded for the entry of an appropriate order.

{9}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**



_____
**J. MILES HANISEE, Judge**