## VINYARD V. PALO ALTO, INC.

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**JODY VINYARD,**
**Worker-Appellant,**
v.
**PALO ALTO, INC. d/b/a PIZZA HUT,**
**and MANUFACTURER'S ALLIANCE**
**INSURANCE COMPANY,**
**Employer/Insurer-Appellees.**

No. A-1-CA-35270

COURT OF APPEALS OF NEW MEXICO

February 21, 2019

APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION, Reginald C. Woodard, Workers' Compensation Judge

**COUNSEL**

Law Office of Alvin R. Garcia, LLC, Alvin R. Garcia, Albuquerque, NM, for Appellant

Maestas & Suggett, P.C., Paul Maestas, Albuquerque, NM, for Appellees

**JUDGES**

M. MONICA ZAMORA, Chief Judge. I CONCUR: HENRY M. BOHNHOFF, Judge Pro Tempore, LINDA M. VANZI, Judge (concurs in result only).

**AUTHOR:** M. MONICA ZAMORA

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Jody Vinyard (Worker) appeals from two orders issued by the workers' compensation judge (WCJ) denying Worker's request for fee-shifting under the

Workers' Compensation Act (the Act), for additional attorney fees over and above the Act's fee cap, and for additional interest, based on the alleged bad faith conduct of Palo Alto, Inc. d/b/a Pizza Hut and Manufacturers Alliance Insurance Company (collectively, Employer). Worker also requests additional attorney fees on appeal pursuant to Rule 12-403(B)(3) NMRA. We affirm the WCJ's orders and deny Worker's request for attorney fees on appeal.

**BACKGROUND**

**{2}** This case has an extensive history in the Workers' Compensation Administration (WCA) and is now on its fourth appeal in this Court. For purposes of this opinion, we set forth the following procedural background. On December 6, 2009, Worker was in a vehicular accident while in the course and scope of his employment and subsequently filed a complaint with the WCA. The major issue in dispute before the WCJ was the proper calculation of Worker's average weekly wage under NMSA 1978, Section 52-1-20(B) (1990), when Worker held two concurrent jobs, one for nine weeks and one for fourteen weeks. Prior to any formal hearing before the WCJ, Worker and Employer attended a mandatory mediation after which the mediator filed a recommended resolution. The mediator calculated Worker's average weekly wage at $945.68. Worker accepted the recommended resolution on April 19, 2010, but Employer subsequently rejected it on May 6, 2010. Worker would eventually prevail at a hearing before the WCA and on several appeals to this Court.

**{3}** On November 2, 2012, this Court issued a formal opinion on the first appeal in *Vinyard v. Palo Alto, Inc.* (*Vinyard I*), 2013-NMCA-001, 293 P.3d 191. In *Vinyard I*, we held that the WCJ had incorrectly calculated Worker's average weekly wage and remanded the case back to the WCJ. *Id.* ¶¶ 19, 23. We also affirmed the WCJ's award of $15,000 in attorney fees to be split equally between the parties. *Id.* ¶¶ 20, 23. On remand following *Vinyard I*, Worker filed an application on January 11, 2013, with the WCA for additional attorney fees incurred in connection with the appeal in *Vinyard I*. Worker did not raise any argument regarding fee-shifting in this January 11, 2013 application.

**{4}** Following the remand of *Vinyard I*, the WCJ incorrectly calculated Worker's average weekly wage two more times, requiring an appeal by Worker in both instances. We reversed the WCJ's calculation of average weekly wages in unpublished opinions in both *Vinyard II* and *Vinyard III*, and again remanded to the WCJ with guidance on the correct method of calculation.

**{5}** After *Vinyard III* was decided, Worker asked for additional attorney fees from this Court under Rule 12-403. We issued an order on November 25, 2014, noting that, "it seems reasonably clear that a substantial award of attorney fees would be appropriate in this case." However, we ultimately concluded that, "given the nature of the inquiry, we remain of the opinion that the [WCJ] is in a better position to render an appropriate award."

**{6}** Ultimately, after *Vinyard III*, the WCJ correctly calculated the average weekly wage as $971.37. Worker filed another application for attorney fees with the WCA on August 17, 2015. This application included an argument for fee-shifting that had not been included in the January 11, 2013 application.

**{7}** On August 31, 2015, Employer moved the WCJ for an order authorizing an independent medical examination (IME) of Worker based on his use of narcotic pain medications. Shortly thereafter, Worker filed a response to the IME request as well as a motion to strike the request, alleging bad faith. Worker also asked for additional attorney fees. The WCJ denied both motions.

**{8}** In disposing of Worker's applications, the WCJ awarded an additional $7,500 in attorney fees, representing the maximum available under the Act's attorney fee cap, which is currently set at $22,500. Consistent with the earlier $15,000 attorney fee award, payment of the additional amount was to be split equally between Worker and Employer. The WCJ also awarded interest on half of the earlier fee award, calculated at 8.75 percent. The WCJ concluded that there was no showing of bad faith and no basis to award attorney fees above the cap. The WCJ denied Worker's request that responsibility for payment of the additional $7,500 fee be shifted entirely to Employer; although not mentioned in the order, a review of the record indicates that the WCJ concluded that Worker had waived his fee-shifting argument by failing to make the argument in his original January 11, 2013 application, and by previously accepting payment from Employer related to the original $15,000 attorney fee award. Worker now appeals from the WCJ's order denying his request for an additional attorney fees based on Employer's alleged bad faith request for an IME and the WCJ's order denying his fee-shifting request as to the entire $22,500 award.

**{9}** Worker makes several arguments pertaining to the WCJ's rulings on the award of attorney fees and interest. First, Worker argues that the responsibility for the entire fee award should be shifted to Employer pursuant to NMSA 1978, Section 52-1-54(E), (F) (2013) of the Act. Worker also argues that Employer's request for the IME was in bad faith, thus warranting additional attorney fees above the cap pursuant to Section 52-1-54(I) and Rule 1-011 NMRA, as well as additional interest at 15 percent pursuant to NMSA 1978, Section 56-8-4(A)(2) (2004). As a final matter, Worker seeks additional attorney fees based on Rule 12-403.

**DISCUSSION**

**{10}** This Court reviews the orders of a WCJ using the whole record standard of review. *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177. "Whole record review requires us to consider all the evidence properly admitted by the WCJ to determine whether there is substantial support for the judgment." *Sanchez v. Zanio's Foods, Inc.*, 2005-NMCA-134, ¶ 9, 138 N.M. 555, 123 P.3d 788. Whole record review is deferential to the WCJ. *Id.* ¶ 11.

**{11}** Normally, we review the WCJ's award of attorney fees for abuse of discretion. *Leonard*, 2007-NMCA-128, ¶ 21. However, we review the WCJ's interpretation of the Act and the application of the law to the facts of this case de novo. *See Vialpando v. Ben's Auto. Servs.*, 2014-NMCA-084, ¶ 5, 331 P.3d 975. "In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (internal quotation marks and citation omitted). "In addition, we should read the entire statute as a whole so that each provision may be considered in relation to every other part." *Id.* (internal quotation marks and citation omitted).

## I. Fee-Shifting

### A. Fee-Shifting Under Section 52-1-54(F)

**{12}** Worker's main argument on appeal is that the entire attorney fees award of $22,500, representing the maximum amount allowed under Section 52-1-54(I) of the Act, should be shifted to Employer.[1] This contention is based on two alternative grounds: (1) that Worker ultimately prevailed in each of his three prior appeals following the Employer's failure to accept the mediator's recommended resolution in 2010, and (2) that the WCJ should have construed Worker's acceptance of the recommended resolution as an offer of settlement and as an offer of judgment.

**{13}** Section 52-1-54 governs attorney fee awards in connection with worker's compensation proceedings. Section 52-1-54(A) prohibits payment of any fee except as provided in Section 52-1-54. Section 52-1-54(I) generally prohibits an award of attorney fees in excess of $22,500 to either the worker or the employer. Section 52-1-54(J) provides that payment of the worker's attorney fees are split equally between the worker and the employer except as provided in paragraphs (3) and (4) of Subsection (F).

**{14}** Section 52-1-54(F) provides that "[a]fter a recommended resolution has been issued and rejected . . . the employer or claimant may serve upon the opposing party an offer to allow a compensation order to be taken against the employer or claimant for the money or property or to the effect specified in the offer[.]" Section 52-1-54(F)(3) provides that "if the employer's offer was greater than the amount awarded by the compensation order, the employer shall not be liable for the employer's fifty percent share of the attorney fees to be paid the worker's attorney and the worker shall pay one hundred percent of the attorney fees due to the worker's attorney[.]" Section 52-1-54(F)(4) then provides "if the worker's offer was less than the amount awarded by the compensation order, the employer shall pay one hundred percent of the attorney fees to be paid the worker's attorney, and the worker shall be relieved from any responsibility for paying any portion of the worker's attorney fees."

**{15}** Section 52-1-54(F) constitutes a fee-shifting provision. *See Abeyta v. Bumper To Bumper Auto Salvage*, 2005-NMCA-087, ¶ 9, 137 N.M. 800, 115 P.3d 816. These provisions are intended to be a financial sanction against a party who fails to accept an

offer of judgment and does not eventually obtain a better outcome. *Leonard*, 2007-NMCA-128, ¶ 25. The purpose of this financial sanction is to encourage settlement. *Id.*

**{16}** A worker's offer of judgment must make clear that the worker "was allowing a compensation order to be taken if [the e]mployer accepted the terms of the offer[,]" thereby putting the employer "on notice that the offer was intended to trigger the fee-shifting provision of Section 52-1-54(F)[.]" *Baker v. Endeavor Servs., Inc.* 2018-NMSC-035, ¶ 20, 428 P.3d 265. In *Baker*, the Court enumerated three requirements necessary to trigger the fee-shifting provision pursuant to 52-1-54(F)(4): (1) a valid offer of judgment under Section 52-1-54(F)(4), (2) for an amount less than the award at trial, and (3) which the employer rejected. *Baker*, 2018-NMSC-035, ¶ 18. Thus, under the holding of *Baker*, "[f]or an offer of judgment to be legally binding it must set forth language making clear the intent of the offeror and implications of acceptance by the opposing party." *Id.* ¶ 20. The worker's offer of judgment in *Baker* specifically stated that the worker was "allowing a compensation order to be taken" if the employer accepted the terms of the offer. *Id.* (alteration, internal quotation marks, and citation omitted). In other words, the offer of judgment put the employer on notice that it was intended to trigger the fee-shifting provision of Section 52-1-54(F). *Baker*, 2018-NMSC-035, ¶ 20.

**{17}** Here, Worker argues that he accepted the mediator's recommended resolution of an average weekly wage of $945.68, and Employer rejected it. Worker contends that because he was eventually awarded a higher average weekly wage of $971.37, the WCJ should have construed Worker's acceptance of the recommended resolution as an *offer of settlement* and therefore shifted the attorney fees pursuant to Section 52-1-54 (E), (F).

**{18}** The difficulty of Worker's argument is that he conflates an offer of judgment with an offer of settlement. However, our case law interpreting both Subsections (E) and (F) makes clear that an offer of settlement is substantively different from an offer of judgment. *See Rivera v. Flint Energy*, 2011-NMCA-119, ¶¶ 11-12, 268 P.3d 525. Section 52-1-54(E) authorizes an attorney fee award (but not fee-shifting) where the worker ultimately recovers compensation in excess of what the employer proposes in an offer of settlement: "In all case where compensation . . . is refused and the claimant thereafter collects compensation through proceedings before the [WCA] or courts in an amount in excess of the amount offered in writing by an employer five business days or more prior to the informal hearing before the administration, the compensation to be paid the attorney for the claimant shall be fixed by the [WCJ.]" A Section 52-1-54(F) offer of judgment contemplates that a judgment will be entered, while an offer of settlement allows the parties to "settle the dispute informally without an entry of judgment." *Rivera*, 2011-NMCA-119, ¶ 12; *see Baber v. Desert Sun Motors*, 2007-NMCA-098, ¶ 8 n.1, 142 N.M. 319, 164 P.3d 1018 (noting that appellate courts have commonly referred to an "offer to allow a compensation order to be taken" against a party as an offer of judgment (internal quotation marks and citation omitted)). Further, the plain language of Section 52-1-54(F) indicates that an offer of judgment can only occur after a recommended resolution has been proposed and rejected. *State v. Rivera*, 2004-NMSC-001, ¶ 10, 134 N.M. 768, 82 P.3d 939 (noting that because the language

of this statute is unambiguous we "give effect to that language and refrain from further statutory interpretation" (internal quotation marks and citation omitted)).

**{19}** The questions before us are whether Worker made a valid offer of judgment as required by Section 52-1-54(F)(4); whether it was for an amount less than that awarded by the WCJ; and whether Employer rejected that offer of judgment. *See Baker*, 2018-NMSC-035, ¶ 18. We conclude that Worker failed to satisfy the first requirement because he never made the requisite valid offer of judgment.

**{20}** Worker accepted the recommended resolution on April 19, 2010, and Employer rejected the recommended resolution on May 6, 2010. Worker was required to serve on Employer, more than ten days before trial, an offer to allow a compensation order, or an offer of judgment, to be taken against Employer. *See* § 52-1-54(F). Only if Employer had rejected that offer would the rejection have allowed Worker to shift attorney fees under Section 52-1-54(F)(4). *See Abeyta*, 2005-NMCA-087, ¶ 19 ("Once [the e]mployer rejected [the w]orker's offer, [the e]mployer became vulnerable to the fee[-]shifting provision of Section 52-1-54(F)(4) if the final compensation order exceeded [the w]orker's offer.").

**{21}** Worker's failure to show that his acceptance of the recommended resolution was a valid offer of judgment under Section 52-1-54(F) and as required by *Baker* is fatal to his argument. We have held that "at a minimum, if counsel's aim is to invoke the provisions of Section 52-1-54(F), the document conveying the offer must refer to the statute explicitly or address each of its material requirements, including that if the offer is accepted a judgment is to be entered against [the e]mployer." *Rivera*, 2011-NMCA-119, ¶ 13. Worker makes no argument that the recommended resolution satisfies these requirements, nor can we make such a conclusion based on our own review of the record.

**{22}** Rather, Worker relies on *Davis v. Los Alamos National Laboratory*, 1989-NMCA-023, 108 NM. 587, 775 P.2d 1304, in support of his argument that his acceptance of the recommended resolution was an offer of settlement.[2] In *Davis*, the worker rejected a recommended resolution but the employer accepted it. *Id.* ¶ 2. The hearing officer found, and this Court agreed, that "the recommended resolution as accepted by the employer was an offer of settlement." *Id.* ¶¶ 14-15. Ultimately, the offer was for more than the worker received; therefore he was not entitled to attorney fees. *Id.* ¶¶ 15, 17.

**{23}** Worker's reliance on *Davis* is misplaced. Section 52-1-54(E) permits the recovery of attorney fees when compensation to which any person is entitled is refused and a worker thereafter collects compensation in a proceeding before the WCA that is more than the "amount offered in writing by an employer five business days or more prior to the informal hearing before the administration[.]" We have referred to an offer under this provision as an offer of settlement. *Davis*, 1989-NMCA-023, ¶¶ 12-17; *see also Baca v. Highlands Univ.*, 1992-NMSC-010, ¶ 7, 113 N.M. 170, 824 P.2d 310 (interpreting the predecessor statute, NMSA 1978, Section 52-1-54(D) (1989), which was redesignated as Section 52-1-54(E)).

**{24}** *Davis* does not, however, support Worker's argument that he is entitled to *fee-shifting* under Section 52-1-54(E). We have previously held that to allow fee-shifting based on other provisions in Section 52-1-54 would render Section 52-1-54(F)(3) and (4) superfluous. *Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 22, 121 N.M. 258, 910 P.2d 334. Because Section 52-1-54(E) is a basis only for an award of attorney fees and not fee-shifting, the analogy to *Davis* does not support Worker's contention. *See Carrillo v. Compusys, Inc.*, 2002-NMCA-099, ¶ 10, 132 N.M. 710, 54 P.3d 551 (stating that the Legislature may override the traditional American Rule that requires litigants to pay their own attorney fees by enacting a fee-shifting statute and that "Section 52-1-54(F)(4) is an example of a fee-shifting statute"). Quite simply, even assuming we were to treat Worker's acceptance of the recommended resolution as an offer of settlement as suggested by *Davis*, it still would not constitute an offer of judgment that is the predicator to fee-shifting under Section 52-1-54(F).

**{25}** Because Worker did not make a valid offer of judgment, we hold that Worker is not entitled to fee-shifting pursuant to Section 52-1-54(F)(4) and affirm the WCJ's order.

## B.    Fee-Shifting Under Section 52-1-54(I)

**{26}** Worker's fee-shifting argument also relies on Section 52-1-54(I). As stated above, Section 52-1-54(I) generally places a $22,500 limitation on either party's recovery of attorney fees. However, it permits an additional $5,000 attorney fee award if a party acted in bad faith with regard to the handling of a worker's claim and the other party suffered economic loss as a result. *Id.* In this provision, the Legislature specifically defined bad faith as conduct that amounts to "fraud, malice, oppression or willful, wanton or reckless disregard of the rights of the worker[.]" *Id.* Section 52-1-54(I) also articulates another exception to the general rule on the allocation of attorney fees, in addition to that found in Section 52-1-54(F): "Notwithstanding the provisions of Subsection J of this section, the party found to have acted in bad faith shall pay one hundred percent of the additional fees awarded for representation of the prevailing party in a bad faith action." Section 52-1-54(I); *see also Sosa v. Empire Roofing Co.*, 1990-NMCA-097, ¶¶ 8-9, 110 N.M. 614, 798 P.2d 215 (stating that it is the worker's burden to show that the employer's conduct amounted to bad faith, relying on 52-1-54 (G) (1989), which was redesignated as 52-1-54(I) in 1990).

**{27}** Worker argues that the WCJ erred by denying additional attorney fees in excess of the cap because of Employer's bad faith request for an IME. Under the Act, requesting an IME from the WCJ is permissible "in the event of a dispute between the parties concerning the reasonableness or necessity of medical or surgical treatment, the date upon which maximum medical improvement was reached, the correct impairment rating for the worker, [or] the cause of an injury or any other medical issue[.]" NMSA 1978, § 52-1-51(A) (2013). Employer filed the motion requesting the IME based on concerns over Worker's use of narcotic pain and other medications and whether his continued medical care and treatment was reasonable and necessary and causally related to Worker's accident.

**{28}** At the motion hearing, Employer argued that the question before the WCJ was whether Worker's continued treatment was reasonable and necessary given its concern for Worker's long-term use of narcotics. In response, Worker argued that the IME was unnecessary and reminded the WCJ that he requested Rule 1-011 sanctions. The WCJ emphasized that his focus was on how to ensure, "within the guidelines of the Act, that [Worker was] getting all the reasonable and necessary medical care that [is] appropriate, not only in the short run, but in the long run." The WCJ ultimately denied Employer's motion but allowed Employer to "depose Worker's current [a]uthorized [h]ealth [c]are [p]roviders to obtain additional information regarding the reasonableness and necessity of Worker's current pain management regimen." Worker continues to assert that this constituted a baseless collateral attack on his indemnity benefits and, thus, the request for the IME was made in bad faith. Worker does not direct us to any evidence in the record to support his assertions. *See* Rule 12-318(A)(4) NMRA ("Th[e] summary shall contain citations to the record proper, transcript of proceedings, or exhibits supporting each factual representation[.]"). The WCJ's order denying the IME request made no mention, much less findings, of bad faith. Nor do we see how using a proper procedure provided in the Act, without more, could constitute bad faith. *See Sanchez*, 2005-NMCA-134, ¶ 9 (noting that the reviewing court "must be satisfied that the evidence demonstrates the reasonableness of the decision"). We affirm the WCJ's orders denying Employer's request for an IME and Worker's request for fees in excess of the Act's cap. As a result, we need not address whether Worker suffered an economic loss. *See Sanchez v. Wohl Shoe Co.*, 1989-NMCA-003, ¶ 17, 108 N.M. 276, 771 P.2d 984.

## II.     Remaining Attorney Fees Issues

**{29}** Worker makes additional arguments based on Employer's alleged bad faith in requesting an IME. His first argument is for additional attorney fees pursuant to Rule 1-011, and the second argument is for additional interest pursuant to Section 56-8-4(A)(2). Because Employer did not act in bad faith in requesting the IME, we conclude that Worker was not entitled to additional attorney fees beyond the WCA's limitation on attorney fees or an additional award of interest.

## A.     Worker's Request for Sanctions Against Employer Pursuant to Rule 1-011

**{30}** Worker argues that because he filed a motion to strike Employer's request for the IME and the WCJ denied Employer's request, Worker prevailed and therefore should have been awarded attorney fees pursuant to Rule 1-011. Rule 1-011 allows a court to sanction a party for, among other things, signing a paper that is not well grounded in fact, is not warranted by existing law, or is interposed for an improper purpose. *See Air Ruidoso, Ltd. v. Exec. Aviation Ctr., Inc.*, 1996-NMSC-042, ¶ 15, 122 N.M. 71, 920 P.2d 1025. "The abuse of discretion standard is also . . . for review of the imposition of Rule 1-011 . . . sanctions[.]" *Weiss v. THI of N.M. at Valle Norte, LLC*, 2013-NMCA-054, ¶ 16, 301 P.3d 875. We will only overturn a Rule 1-011 decision on appeal that is contrary to logic and reason. *See Air Ruidoso, Ltd.*, 1996-NMSC-042, ¶ 15. Worker's contention that he prevailed on a motion, without more, does not support the imposition of Rule 1-

011 sanctions against Employer. We cannot conclude that the WCJ's order was contrary to logic and reason. We therefore hold that the WCJ did not abuse his discretion by denying Worker's request for sanctions.

## B.    Additional Interest Pursuant to Section 56-8-4(A)(2)

**{31}**    Worker argues that he should have been awarded interest in the amount of 15 percent pursuant to Section 56-8-4(A)(2), rather than the traditional 8.75 percent, because Employer acted in bad faith. Post-judgment interest will be computed at 8.75 percent unless the "judgment is based on tortious conduct, bad faith or intentional or willful acts, in which case interest shall be computed at the rate of fifteen percent." Section 56-8-4(A)(2). Because the WCJ did not abuse his discretion in declining to find that the Employer acted in bad faith, Worker's request for additional interest is not based on any of the conduct enumerated in Section 56-8-4(A)(2). We therefore affirm the WCJ award of post-judgment interest at the rate of 8.75 percent to Worker's attorney fee award.

## III.    Worker's Request for Attorney Fees Pursuant to Rule 12-403

**{32}**    Worker seeks an award of fees under Rule 12-403 for work done on the four appeals. Rule 12-403 only allows us to award fees if permitted by law. *See Romero v. Earl*, 1991-NMSC-042, ¶ 13, 111 N.M. 789, 810 P.2d 808; *see also* Rule 12-403(B)(3). As has been discussed at length above, Section 52-1-54 does permit an award for attorney fees. However, the statutory cap on attorney fees limits our ability to award attorney fees. *See* § 52-1-54(I) ("Attorney fees . . . including representation before . . . *the courts on appeal*, shall not exceed twenty-two thousand five hundred dollars ($22,500)." (emphasis added)). The provision applies to all work done in front of the WCA as well as on appeal. *See Alber v. Nolle*, 1982-NMCA-085, ¶ 50, 98 N.M. 100, 645 P.2d 456. Consistent with our November 25, 2014 order on Worker's previous motion for Rule 12-403 attorney fees, the WCJ awarded additional attorney fees up to the maximum Worker is entitled to receive.

**{33}**    While we understand Worker's frustration with the Act's cap on attorney fees given his success on multiple appeals, this Court is nevertheless bound to enforce the plain terms of Section 52-1-54(I) as written. We must therefore deny Worker's request for additional attorney fees pursuant to Rule 12-403(B)(3), unsupported as it is by legal authority. *See Lasen, Inc. v Tadjikov*, ___-NMCA-___, ¶ 33, ___P.3d ___ (No. A-1-CA-34744, Dec. 21, 2018) (denying recovery of Rule 12-403(B)(3) attorney fees where movant failed to "identify the legal basis" supporting an award of such fees).

## III.    CONCLUSION

**{34}**    For the reasons stated in this opinion, we affirm the WCJ's orders.

**{35}    IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**I CONCUR:**

**HENRY M. BOHNHOFF, Judge Pro Tempore**

**LINDA M. VANZI, Judge (concurs in result only).**

---

1 Because we conclude that Section 54-1-54(F), (J) does not allow for fee-shifting under the facts of this case, we need not address whether Worker waived his fee-shifting argument for any award of attorney fees. *See Maez v. Riley Indus.*, 2015-NMCA-049, ¶ 31, 347 P.3d 732 (holding that this Court will affirm if WCJ is right for any reason).

2 *Davis* relied on NMSA 1978, Section 52-1-54 (D) (1987). *Davis*, 1989-NMCA-023, ¶ 12. This subsection was amended in 1990 to redesignate Subsection (D) as Subsection (E).